IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:22CR188** |
| v. | |
| ALFRED ROGERS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Alfred Rogers's ("Rogers") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 125). Rogers is serving 480 months for drug and firearm offenses. *See* 21 U.S.C. § 841(a)(1), (b)(1); 18 U.S.C. § 924(c)(1)(A).

On December 12, 2025, the Court ordered (Filing No. 126) the government to respond to Rogers's motion. The government concedes Rogers's motion is timely under § 2255(f)(2) but challenges it on the merits (Filing No. 129). The government is silent as to Rogers's request for an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (generally requiring a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

After careful review, the Court will grant Rogers's request for an evidentiary hearing but only with respect to his incipient claims that his retained counsel, W. Randall Paragas ("Paragas"), was unconstitutionally ineffective by failing to (1) visit or otherwise communicate with him, (2) develop a defense strategy, and (3) adequately present Rogers's appeal. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Love v. United States*, 949 F.3d 406, 411 (8th Cir. 2020) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by

the record, inherently incredible, or conclusions rather than statements of fact." (quoting *Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019)).

While the government has submitted an affidavit from Paragas denying Rogers's allegations, a hearing will allow the Court to hear directly from Rogers and Paragas on these issues. *See Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020) (remanding the case for an evidentiary hearing because the existing record did "not conclusively refute" the prisoner's ineffective-assistance claim). Both will be subject to cross-examination. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (holding an evidentiary hearing is generally required before resolving a material factual dispute or deciding an issue that turns on credibility). A hearing will also afford Paragas an opportunity to publicly respond to Rogers's vague suggestion that Paragas "took" $80,000.

Rogers's remaining claims do not warrant a hearing. To start, the Court—having observed the trial—finds no colorable basis for Rogers's claims that (1) "[t]he Prosecutor and [Paragas] both committed perjury in a Federal Court of Law" by showing what he asserts was an inaccurate picture of his front door and (2) the testimony from a confidential informant was somehow "[a] great mockery of justice." *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (explaining § 2255's "remedy 'does not encompass all claimed errors in conviction and sentencing'" (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979))); *United States v. Rogers*, No. 24-3214, 2025 WL 2835766, at *1 (8th Cir. Oct. 7, 2025) (unpublished per curiam) (rejecting Rogers's challenge to purported "hearsay from the confidential informant" because any error was harmless in light of the overwhelming evidence against him).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). That principle applies will full force to Rogers's repeated complaints about the sufficiency of the evidence to convict him, particularly in light of the Eighth Circuit's determination on direct appeal that the evidence

2

of his guilt was "overwhelming." *Rogers*, 2025 WL 2835766, at *1 (quoting *United States v. Holmes*, 620 F.3d 836, 844 (8th Cir. 2010)); *see also Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970) ("Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence, or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal.") (internal citation omitted). Notwithstanding Rogers's assertions to the contrary, the government did not have to adduce DNA and fingerprint evidence to lawfully convict him.

The Court likewise finds no merit in Rogers's unsupported assertion that two-thirds of the jury had "state and federal ties" and his unexplained suggestion that those purported ties were somehow improper. *See Sun Bear*, 644 F.3d at 704. Such allegations, even "accepted as true," afford Rogers no relief. *Love*, 949 F.3d at 411 (quoting *Ford*, 917 F.3d at 1026.

Based on the foregoing,

IT IS ORDERED:

1. Alfred P. Rogers's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 125) is denied in part as set forth in this Memorandum and Order. His request for an evidentiary hearing is granted but only as to his ineffective-assistance-of-counsel claims.

2. An evidentiary hearing is set for April 14, 2026, at 9:00 a.m. in Courtroom No. 4, Roman L. Hruska Federal Courthouse, 111 S. 18th Plaza, Omaha, Nebraska 68102.

3. The Federal Public Defender for the District of Nebraska is appointed to represent Rogers at the hearing. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A. If the Federal Public Defender accepts this appointment, he or one of his assistants shall promptly file an appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or based on the Criminal Justice Act Plan, he shall promptly provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3

4.      The Clerk of Court shall provide a copy of this Memorandum and Order to the Federal Public Defender.

5.      The Court will arrange for Rogers to participate by telephone. Counsel and Paragas will appear in person.

6.      The parties may call other witnesses and present other relevant evidence at the hearing.

Dated this 4th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge